[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs seek to recover from their homeowner's insurance carrier for an alleged storm water damage claim. The defendant-carrier has defended on two grounds. First, it relies on a sworn proof of loss and the check it issued in full settlement of the proof of loss. Then it argues there is no evidence of causation for the item of loss in dispute — the total replacement of quarry tile on the floor and part way up the walls of a family room.
 I
After an initial inspection by the defendant's claim adjuster, the plaintiffs hired a public adjuster, Meyer Biller. Biller, estimated the loss at $26,278.51. The defendant's adjuster Donna Read had prepared a modest estimate of loss for $878.12, and testified that she based her figure on the damaged area she was shown by the plaintiff. She denied being shown the quarry tile as a portion of any claimed loss.
Eventually, Mr. Biller and Ms. Reed came to an agreement as to the dollar amount of the loss but could not agree on the room with the quarry tile. CT Page 13284
Biller then forwarded a proof of loss to Read for the insureds to receive a net sum of $12,703.85. This proof of loss was sent with a covering letter which repeated the plaintiffs disagreement over the tiled area and stated their intention to pursue that item separately.
The letter and proof of loss were received by the defendant, a check was issued for the $12,703.85 and the plaintiffs accepted the check.
While the check states it is in full payment, it is clearly in full payment of the proof of loss as received by the defendant. And, the covering letter with the express exclusion of the tile claim put the defendant on notice that if it accepted the proof of loss and paid on it, the tile claim would survive.
The court therefore concludes that the plaintiffs cause of action for damaged tile survived the acceptance of the proof of loss and the negotiation of the check.
 II
Turning to the claim itself, the defendant argues there is no evidence in the room in question to substantiate the condition of the tile as a storm loss. Rather, it is seen as a condition which evolved over time.
Both Mr. Biller and Mr. Sacco describe the room in question as showing the course of the water to be down the walls and ceiling. According to Mr. Sacco, there were a couple of inches of water on the floor and all the walls were stained.
Despite all this, Mr. Biller's proof of loss does not call for replacing the ceiling, but only "scrape and sand." Nor does he mention doing anything to the walls which purportedly were stained. This is a glaring omission for a document which is extremely detailed, even to the point of specifying the cost of "protecting contents."
Finally, Mr. Biller could not say whether this damage occurred on the date of the storm as claimed or earlier.
The plaintiffs did not question Ms. Read's testimony about her initial inspection of the premises and at which she stated no mention was made of water covering the tile.
In a contested matter, the plaintiff must do more than offer an alternative to the defendant's position. The plaintiffs have not met their burden of proof on this issue. CT Page 13285
 CONCLUSION
Judgment may enter for the defendant.
Anthony v. DeMayo, J.T.R.